# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| C.S. SEWELL, M.D. P.C. and <br> CHRISTOPHER SEWELL, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> AMERIGROUP TENNESSEE, INC. <br> d/b/a AMERIGROUP COMMUNITY <br> CARE, <br><br> Defendant. | NO. 2:17-cv-00062 <br> CHIEF JUDGE CRENSHAW |

## MEMORANDUM OPINION

Christopher Sewell, M.D. ("Dr. Sewell"), and his medical practice C.S. Sewell, M.D. P.C. (together "Sewell") and Amerigroup Tennessee, Inc. d/b/a Amerigroup Community Care ("Amerigroup") have filed cross-motions for summary judgment. (Doc. Nos. 81, 84.) Amerigroup seeks summary judgment on Counts I-IV of the First Amended Complaint and its own counterclaims for breach of contract and declaratory judgment ("Counterclaims"). (Doc. No. 81 at 1.) Sewell seeks summary judgment in its favor on the Counterclaims and its own declaratory judgment claim. Each party has filed a response in opposition as well as replies to those competing responses. (Doc. Nos. 95, 97, 106, 107.) Further, both Sewell and Amerigroup have filed competing Motions to Strike. (Doc. Nos. 92, 98.) For the reasons stated below, the Court will deny the instant motions as moot.

# I. **Factual and Procedural Background**[1]

Dr. Sewell is a family physician who provides medical care, including allergy-related care, through his practice—C.S. Sewell, M.D. P.C.—a Tennessee professional corporation with its principal place of business located at 341 W. Central Avenue, Jamestown, Tennessee. (Doc. No. 42 at 1.) Amerigroup is a Tennessee-based health insurance and managed health contractor that manages the provision and reimbursement of healthcare services to patients enrolled in Tennessee's Medicaid program. (Id. at 2.) In the First Amended Complaint, Sewell asserted claims for: (1) declaratory judgment; (2) breach of contract; (3) violation of Tennessee's Prompt Payment Act; (4) tortious interference with a business relationship; (5) Sherman Anti-Trust Act ("Sherman Act") violations; (6) deprivation of federal rights in violation of 42 U.S.C. § 1983; and (7) violation of First Amendment free speech guarantees. (Id. at 18-29.) Sewell alleged that the Court had jurisdiction over these claims because: (1) the declaratory judgment, Sherman Act, § 1983, and First Amendment claims alleged violations of federal law; and (2) the Court retained supplemental jurisdiction over the remaining state law claims. (Id. at 2.)

In its answer, Amerigroup included counterclaims for: (1) breach of contract; and (2) declaratory judgment. (Doc. No. 62 at 40.) Amerigroup argued that the Court had jurisdiction over these counterclaims based on 28 U.S.C. §§ 1367 (supplemental jurisdiction), 1441(c) (removal of civil actions), and 2202 (Declaratory Judgment Act). (Id.)

Amerigroup subsequently filed a Motion to Dismiss Sewell's claims for declaratory judgment, tortious interference with a business relationship, Sherman Act violations, and § 1983 and First Amendment violations. (See Doc. No. 43.) Amerigroup also separately moved for partial

---

[1] The Court assumes that the parties are familiar with the factual and procedural record and therefore will discuss only the facts necessary to decide the instant motions.

summary judgment on the remaining claims. (Doc. No. 45.) After briefing, the Court first denied without prejudice Amerigroup's partial summary judgment motion because discovery was ongoing on those claims, and, therefore, they were not ripe for disposition. (See Doc. No. 61.) As to Amerigroup's Motion to Dismiss, the Court granted that motion in part, dismissing Sewell's Sherman Act, § 1983, and First Amendment claims, but allowing Sewell's declaratory judgment, breach of contract, Tennessee Prompt Payment Act, and tortious interference with a business relationship claims to proceed. (See Doc. No. 67.) After further discovery was conducted, the parties each filed the instant motions.

## II. Jurisdictional Analysis

Section 1367 of Title 28 of the United States Code provides that "the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form a part of the same case or controversy." 28 U.S.C. § 1367(a). Here, when considering the claims in the First Amended Complaint, the Court exercised its supplemental jurisdiction over Sewell's state law claims because those claims were closely related to the alleged Sherman Act, § 1983, and First Amendment claims. "The dismissal of [Sewell's] federal claims against [Amerigroup], however, requires the [C]ourt to reexamine the issue of supplemental jurisdiction for state law claims against this defendant." Smith v. Osceola Cty., Case No. 1:06-cv-89, 2008 WL 2036826, at *4 (W.D. Mich. May 9, 2008) (reexamining propriety of exercising supplemental jurisdiction at the summary judgment stage).

A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see also Ford v. Frame, 3 F. App'x 316, 318 (6th Cir. 2001) ("[D]istrict courts possess broad discretion in determining whether to retain supplemental jurisdiction over state claims once all federal claims are

3

dismissed."). "In determining whether to retain jurisdiction over [remaining] state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" Gamel v. City of Cincinnati, 625 F.3d 949, 951 (6th Cir. 2010) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). The Supreme Court has noted that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ., 484 U.S. at 350 n.7; see also Gamel, 625 F.3d at 952. ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claim[.]") (quoting Musson Theatrical, Inc. v. Fed. Exp. Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

The sole reason that this case is in federal court is that Amerigroup removed it from state court based upon subject matter jurisdiction arising from Sewell's "federal claim for violation of the Patient Protection and Affordable Care Act." (Doc. No. 1 at 2.) Amerigroup noted that the Court had original jurisdiction over that claim under 28 U.S.C. § 1331 and supplemental jurisdiction over Sewell's state law claims under 28 U.S.C. § 1367. (Id.) As discussed above, after Sewell amended the Complaint, Amerigroup filed its Motion to Dismiss, and the Court made its subsequent ruling on that motion, no federal claims are left in the instant action.[2] It is well in

---

[2] The Court notes that both Amerigroup and Sewell have asserted claims under the Declaratory Judgment Act. (See Doc. Nos. 42 at 18, 62 at 43.) With the dismissal of Sewell's federal claims, both parties still seek declaratory judgment regarding their rights under the contracts at issue in this case. (See Doc. Nos. 82 at 26, 85 at 24.) To the extent that either party relies on the Declaratory Judgment Act to confer this Court with independent jurisdiction, that reliance is misplaced. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." But § 2201 does not create an independent cause of action. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) (holding that "Congress enlarged the range of remedies available in the federal courts [under the Act] but did not extend

advance of trial. Sewell's remaining claims (i.e., breach of contract, Tennessee Prompt Payment Act, tortious interference, and declaratory judgment) are those that Tennessee courts routinely and skillfully consider. Furthermore, these claims arise in the context of the alleged negative treatment of a Tennessee physician and professional corporation by a Tennessee insurance company involved in the administration of Tennessee's own Medicaid program; the State therefore has an overwhelming interest in resolving such claims in the first instance. After weighing the relevant factors, the Court does not find substantial justification to depart from general rule of declining to exercise supplemental jurisdiction over Sewell's remaining state law claims.

## IV. Conclusion

For the foregoing reasons, Sewell and Amerigroup's competing Motions for Summary Judgment (Doc. Nos. 81, 84) and Motions to Strike (Doc. Nos. 92, 98) will be denied as moot. The Court will decline to exercise jurisdiction over the only claims remaining in this action—the parties' state law claims. The case will be remanded to the Fentress County Chancery Court.

The Court will file an accompanying order.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

their jurisdiction.") A federal court accordingly "must have jurisdiction already under some other federal statute" before a plaintiff can "invok[e] the Act." Toledo v. Jackson, 485 F.3d 836, 839 (6th Cir. 2007). At this juncture, no independent federal claims exist under which this Court has jurisdiction, and, therefore, the parties' Declaratory Judgment Act claims do not confer federal jurisdiction. To the extent that the parties seek declaratory relief, in addition to the other, additional forms of relief, such relief can be sought in state court.